**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PROFESSIONAL EMPLOYER PLANS, INC.,

Plaintiff,

-vs- Case No. 8:03-cv-896-T-24TGW

HOBBS GROUP INSURANCE BROKERS, LLC and LEADING EDGE INSURANCE GROUP, INC.,

Defendants.
_____________________________________/

# O R D E R

This cause comes before the Court for consideration of Plaintiff's Motion for Final Judgment (Doc. No. 217), Defendant Leading Edge Insurance Group, Inc.'s Motion for Final Judgment and Motion to Determine Entitlement to Attorneys' Fees (Doc. No. 223); Defendant Leading Edge's Second Amended Rule 50 Motion for Judgment After Trial (Doc. No. 227); and Defendant Leading Edge's Motion for Remittitur (Doc. No. 231).

Plaintiff Professional Employer Plans, Inc. ("PEP") sued Defendant Hobbs Group Insurance Brokers, LLC ("Hobbs") and Defendant Leading Edge alleging various theories of liability. Plaintiff originally alleged breach of fiduciary duty, negligence, and breach of contract as to Hobbs. Plaintiff later amended its complaint and added a cause of action for fraud against Hobbs. Plaintiff sued Leading Edge for breach of contract, civil theft, fraud, and violation of the New Jersey Consumer Fraud Act ("NJCFA"). Plaintiff specifically alleged in paragraph 25 of its amended complaint (Doc. No. 85) that:

> As a result of the actions of Hobbs and Leading Edge, PEP reasonably, and in an effort to mitigate damages, undertook the following actions and incurred damages including, but not limited to, the following:
>
> A. Purchase workers' compensation insurance from separate entities at premiums significantly higher than that quoted by Hobbs and Leading Edge;
> B. Transferred multiple clients to other employee leasing plans;
> C. Expended attorney's fees for the defense of fines levied by the Department of Insurance.
> D. Paid such fines as were negotiated with the Department of Insurance.
> E. Has paid costs for claims arising between 7/1/02 and 7/15/02.
> F. Has suffered lost profits and will continue to do so in the future.
> G. Has sustained damages to its reputation and goodwill and will do so in the future.

Plaintiff realleged this damages allegation in all counts against Hobbs and all the counts against Leading Edge except the civil theft count. In fact, in each of the counts except the civil theft count, Plaintiff referred to paragraph 25 when alleging the damages it suffered. In the joint pre-trial statement, Plaintiff referenced the same damages on page 3 (Doc. No. 117).

Hobbs settled with Plaintiff prior to trial and paid Plaintiff $600,000.00. Defendant Leading Edge proceeded to trial, and, after four days of trial in the above-styled action, the jury found the Leading Edge was not liable under the breach of contract and civil theft claims but returned a verdict in favor of the Plaintiff and against Defendant Leading Edge as to Plaintiff's NJCFA and common law fraud claims. Specifically, the jury awarded damages in the amounts of $100,000.00 for the NJCFA claim and $1,043,387.00 for the fraud claim.

Plaintiff's Motion for Final Judgment and Defendant's Motion for Final Judgment and Motion to Determine Entitlement to Attorneys' Fees

Plaintiff moves this Court to enter final judgment in the amount of $1,343,387.00 ($1,043,387.00 on the common law fraud claim and $100,000.00 trebled on the NJCFA claim) together with reasonable attorneys' fees and costs as mandated by the NJCFA, plus applicable interest. Leading Edge contends that the damages for the NJCFA claim and the common law fraud claim are the same and that Plaintiff must elect the claim upon which it wants judgment entered but cannot collect both. In addition, Leading Edge asserts that it is entitled to receive a setoff for the Hobbs settlement.

This Court agrees with Leading Edge's assertion that Plaintiff is not entitled to recover the same damages twice.[1] It is axiomatic under Florida law that a plaintiff who is injured by a defendant's misconduct is only entitled to be made whole, not enriched. For one injury, there can only be one recovery, irrespective of the availability of multiple remedies and actions. In other words, a party cannot recover the same damages twice, even if recovery is based on different theories. Besett v. Basnett, 437 So. 2d 172 (Fla. 2d DCA 1983); Kingswharf, Ltd. v. Kranz, 545 So. 2d 276 (Fla. 3d DCA 1989).

Consistent with the Plaintiff's amended complaint, closing argument and damages exhibit (Exh. 91), this Court finds that Plaintiff did not present a different proof of damages for its alternate causes of action and, accordingly, is entitled to only one recovery. Plaintiff indicated in its Motion for Final Judgment (Doc. No. 217) that if the Court makes such a ruling, Plaintiff requests that Final

[1]The Court notes that Plaintiff did not cite to any authority in support of its argument that it is entitled to recover judgments for both verdicts.

Judgment be entered in the amount of $1,043,387.00 based on the amount awarded on the common law fraud claim.

Plaintiff additionally argues that even if unable to recover the $100,000.00 in damages under the NJCFA, Plaintiff is still entitled to recovery of its reasonable costs and attorney's fees under the NJCFA.[2] Under 56:8-19, New Jersey Statutes Annotated, a consumer who brings an action under the NJCFA is entitled to threefold the amount of damages sustained together with reasonable attorney's fees, filing fees, and costs. Where "a jury finds that a defendant has committed an unconscionable commercial practice as defined in the Consumer Fraud Act, no damages attributable to that practice need be found in order to invoke the attorneys' fees provision of the Act." Performance Leading Corp. v. Irwin Lincoln-Mercury, 619 A.2d 1024, 1030 (N.J. Super. App. Div. 1993); see also Branigan v. Level on the Level, Inc., 740 A.2d 643, 647 (N.J. Super. App. Div. 1999)("The Supreme Court has made it clear that the [NJCFA] mandates an award of counsel fees and costs for *any* violation of the Act, even if that violation caused no harm to the consumer.").

The jury in this case found a violation of the NJCFA, and, even though Plaintiff is precluded from recovering damages under this claim to prevent double recovery, this Court finds that Plaintiff may recover reasonable attorney's fees and costs for Leading Edge's violation of the Act. An award of attorney's fees and costs under the NJCFA would not constitute "double recovery" as they are separate and distinct from the compensatory damages awarded under the common law fraud claim.

Next, the Court will address the applicability of setoff for the Hobbs settlement. Section 46.015(2) of the Florida Statutes states:

[2]The Court notes that Leading Edge did not address this argument in its Memorandum in Opposition to Plaintiff's Motion for Final Judgment (Doc. No. 221).

> At trial, if any person shows the court that the plaintiff, or his or her legal representative, has delivered a written release or covenant not to sue to any person in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment.

Leading Edge argues that § 46.015 mandates that the amount of the Hobbs partial satisfaction (namely, $600,000.00) be set off from the judgment against Leading Edge. The Eleventh Circuit has noted that under Florida law, the purpose of setoff is to prevent a party from recovering twice for the same damages. Blasland, Bouck & Lee, Inc. v. City of N. Miami, 283 F.3d 1286, 1295 (11th Cir. 2002)(citing Kingswarf, 545 So. 2d at 278). The Eleventh Circuit specifically noted that this law applies, "even when co-defendants are held liable for the same injury under different theories of liability." Id. (citing to Raben Builders, Inc. v. First Am. Bank & Trust Co., 561 So. 2d 1229, 1230-31 (Fla. 4th DCA 1990)). The Eleventh Circuit explained Florida's setoff law as follows:

> If a plaintiff seeks damages for an injury in a lawsuit, settles that suit, and then attempts to recover for the same injury in a second lawsuit, under Florida law the settlement amount from the first lawsuit should be set off against any award in the second one regardless of what the result in the first lawsuit would have been if it had been litigated to conclusion on the merits. . . . The correct approach under Florida law, in deciding whether awards are duplicative and therefore subject to setoff, is to determine whether any injury alleged in the first lawsuit is duplicated by the injury for which an award has been won in the second lawsuit.

Id. at 1296-97.

This Court finds that the Plaintiff's claimed damages against Leading Edge were not separate and distinct from the damages compensated by its settlement with Hobbs, thereby requiring this Court set off the settlement amount to prevent double recovery. See also Palm Springs Gen. Hosp.,

Inc. v. Valdes, 784 So. 2d 1151, 1154 (Fla. 3d DCA 2001). Plaintiff's arguments that §§ 768.31(5) and 768.81, Fla. Stat., apply to prevent setoff in this case are without merit.

Finally, Defendant Leading Edge argues that it is entitled to attorneys' fees because Plaintiff's civil theft claim "was without substantial fact or legal support" pursuant to Fla. Stat. § 772.11. While the jury did not find by clear and convincing evidence that Defendant Leading Edge committed civil theft, there was substantial legal and factual support for Plaintiff's claim presented during trial, and, as such, Defendant Leading Edge is not entitled to attorneys' fees or costs under § 772.11.

Defendant's Second Amended Rule 50 Motion for Judgment After Trial

Defendant Leading Edge moves this Court for a judgment in its favor pursuant to Rule 50(b), Fed. R. Civ. P., as to Plaintiff's NJCFA claim and common law fraud claim.

When reviewing a Rule 50(b) motion, the court "must view all of the evidence adduced at trial and draw all reasonable inferences in the light most favorable to the nonmoving party." George v. GTE Directories Corp., 195 F.R.D. 696, 698 (M.D. Fla. 2000)(citing Montgomery v. Noga, 168 F.3d 1282, 1289 (11th Cir. 1999)). Further, "[t]he trial judge may not re-weigh the evidence, make credibility determinations or substitute its judgment for that of the jury." Id. However, "[i]f the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict, granting of the motion[] is proper." BankAtlantic v. Blythe Eastman Paine Webber, Inc., 955 F.2d 1467, 1470 (11th Cir. 1992).

In the case at hand, the jury found that Defendant Leading Edge committed fraud and violated the NJCFA. In viewing all of the evidence adduced at trial and drawing all reasonable

inferences in the light most favorable to the Plaintiff, this Court finds that Defendant Leading Edge's Rule 50(b) motion must be denied.

Defendant's Motion for Remittitur

Defendant argues that the verdict rendered in this action was excessive and requests that the verdict be reduced to one of nominal damages, or, in the alternative, be reduced by the amount of lost profits sought by Plaintiff.

"A jury award is not to be set aside or a new trial ordered unless the award is so exorbitant as to shock the judicial conscience or indicate bias, passion, prejudice, or other improper motive on the part of the jury." Markland v. Norfolk Dredging Co., 772 F. Supp. 1241, 1242 (M.D. Fla. 1991).

Having considered Defendant Leading Edge's arguments and Plaintiff's response, the Court finds that the jury verdict should stand and Defendant Leading Edge's motion must be denied.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion for Final Judgment (Doc. No. 217) is **GRANTED** to the extent that the Court will enter final judgment in favor of the Plaintiff in the amount of $443,387.00 (amount awarded on the common law fraud claim of $1,043,387.00 with a setoff of $600,000.00) plus reasonable attorneys' fees and costs as mandated by the NJCFA plus applicable interest.

(2) Defendant Leading Edge's Motion for Final Judgment (Doc. No. 223) is **GRANTED** to the extent that the Court will enter final judgment in favor of the Defendant on Plaintiff's breach of contract claim and civil theft claim.

(3) Defendant Leading Edge's Motion to Determine Entitlement to Attorneys' Fees (Doc. No. 223) is **DENIED**.

(4) Defendant Leading Edge's Second Amended Rule 50 Motion for Judgment After Trial (Doc. No. 227) is **DENIED**.

(5) Defendant Leading Edge's Motion for Remittitur (Doc. No. 231) is **DENIED**.

(6) The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant Leading Edge on Plaintiff's New Jersey Consumer Fraud Act claim in the amount of $0.00 and Plaintiff's common law fraud claim in the amount of $443,387.00 (amount awarded on the common law fraud claim of $1,043,387.00 with a setoff of $600,000.00) plus interest from the date of judgment on the award listed above at the legal rate until paid in full plus reasonable attorneys' fees and costs to be determined by the Court as mandated by the NJCFA. The Clerk is directed to enter judgment in favor of Defendant Leading Edge and against Plaintiff on Plaintiff's breach of contract claim and Plaintiff's civil theft claim. The Clerk is directed to **CLOSE** this case.

(7) Defendant Leading Edge shall pay all costs and expenses, including reasonable attorneys' fees incurred by Plaintiff in its NJCFA claim. The Court retains jurisdiction to determine the amount of the award. To pursue its costs and fees, Plaintiff must file and serve a motion requesting a sum certain by August 16, 2005. Plaintiff should support its request with appropriate affidavits and documentation. Defendant Leading Edge may file a response to the motion by August 31, 2005.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of August, 2005.

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge