# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PROFESSIONAL EMPLOYER PLANS, INC.,

                    Plaintiff,

-vs-                                                    Case No.  8:03-cv-896-T-24TGW

HOBBS GROUP INSURANCE BROKERS, LLC,
and LEADING EDGE INSURANCE GROUP,
INC.,

                    Defendants.
_____/

# O R D E R

This cause comes before the Court for consideration of Plaintiff's Motion for Attorneys'

Fees and Costs (Doc. No. 235).  Defendant Leading Edge filed a Response thereto (Doc. No.

237).

## I.  BACKGROUND

Plaintiff Professional Employer Plans, Inc. ("PEP") sued Defendant Hobbs Group

Insurance Brokers, LLC ("Hobbs") and Defendant Leading Edge Insurance Group, Inc.

("Leading Edge") alleging various theories of liability.  Plaintiff originally alleged breach of

fiduciary duty, negligence, and breach of contract as to Hobbs.  Plaintiff later amended its

complaint and added a cause of action for fraud against Hobbs.  Plaintiff sued Leading Edge for

breach of contract, civil theft, fraud, and violation of the New Jersey Consumer Fraud Act

("NJCFA").

Hobbs settled with Plaintiff prior to trial and paid Plaintiff $600,000.00.  Defendant

Leading Edge proceeded to trial, and, after four days of trial in the above-styled action, the jury

found that Leading Edge was not liable under the breach of contract and civil theft claims but returned a verdict in favor of Plaintiff and against Defendant Leading Edge as to Plaintiff's NJCFA and common law fraud claims.  Specifically, the jury awarded damages in the amounts of $100,000.00 for the NJCFA claim and $1,043,387.00 for the fraud claim.

This Court ruled, however, that Plaintiff could not recover under both the NJCFA claim and the fraud claim as a plaintiff is not entitled to recover the same damages twice.  Accordingly, the Court entered final judgment in favor of Plaintiff in the amount of $443,387.00 (amount awarded on the common law fraud claim of $1,043,387.00 with a setoff of the Hobbs settlement amount of $600,000.00) plus reasonable attorneys' fees and costs as mandated by the NJCFA[1] plus applicable interest.

Plaintiff now moves for attorneys' fees related to the NJCFA claim in the amount of $378,687.50 and costs in the amount of $59,693.21.  Defendant argues that Plaintiff's victory was partial and limited, and, therefore, Plaintiff's attorneys' fees should be reduced.  In addition, Defendant raises many objections to Plaintiff's requested costs.

---

[1]The Court awarded reasonable attorneys' fees under the NJCFA because where "a jury finds that a defendant has committed an unconscionable commercial practice as defined in the Consumer Fraud Act, no damages attributable to that practice need be found in order to invoke the attorneys' fees provision of the Act."  Performance Leading Corp. v. Irwin Lincoln-Mercury, 619 A.2d 1024, 1030 (N.J. Super. App. Div. 1993); see also Branigan v. Level on the Level, Inc., 740 A.2d 643, 647 (N.J. Super. App. Div. 1999)("The Supreme Court has made it clear that the [NJCFA] mandates an award of counsel fees and costs for *any* violation of the Act, even if that violation caused no harm to the consumer.").

## II.  DISCUSSION

### A. Attorneys' Fees

There being no question that Plaintiff is the prevailing party, the Court is left to determine what amount of attorneys' fees is reasonable to award.  In determining a reasonable fee, the Court starts with the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  Although Leading Edge agrees that the billing rates of Plaintiff's attorneys are reasonable, Defendant argues that some of Plaintiff's attorneys' time does not qualify as hours reasonably expended on the litigation.  Defendant specifically objects to the attorneys' fees on page 1 of Exhibit A to Mr. Slother's affidavit and the time entry dated 8/26/02 on page 2 of Exhibit A because those items deal with Plaintiff's dispute with the Florida Division of Workers' Compensation and were unrelated to Plaintiff's prevailing claims.  This Court agrees that those hours should be excluded. The Plaintiff itself characterized these attorneys' fees as an element of the damages it was seeking to recover.  "PEP asserts it is entitled to recover all damages incurred in procuring coverage for and defending these underlying claims, including reasonable attorneys' fees." (Doc. No. 13, Response to Motion to Strike).  Accordingly, the Court will reduce the amount of attorneys' fees requested by $ 4,480 - the amount of attorneys' fees expended on those items.

"The product of reasonable hours times a reasonable rate does not end the inquiry."  <u>Id.</u> at 434.  Once that value is determined, the Court can adjust the figure upward or downward to reflect other considerations, including the important factor of the "results obtained."  <u>Id.</u> Defendant argues that the remaining attorneys' fees should be adjusted downward based on the results obtained by  Plaintiff.  Where the plaintiff is deemed as "prevailing" even though it

succeeded on only some of its claims for relief, two questions must be addressed.  "First did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?"  Id.

Accordingly, the Court must first examine whether Plaintiff's unsuccessful claims of breach of contract and civil theft are unrelated to its successful claims of NJCFA violation and common law fraud.  "Where the plaintiff's claims are based on different facts and legal theories, and the plaintiff has prevailed on only some of those claims, we indicated that '[t]hat the congressional intent to limit [fee] awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim."  See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789 (1989)(citing Hensley, 461 U.S. at 435); see also Silva v. Autos of Amboy, Inc., 632 A.2d 291, 296 (N.J. Super. Ct. App. Div. 1993)(New Jersey courts have turned to federal cases interpreting the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988, in determining the amount of reasonable attorneys' fees under the NJCFA). Upon examination of the claims, the Court finds that Plaintiff's claims are not unrelated. Plaintiff's claims against Leading Edge for breach of contract, civil theft, fraud, and violation of the NJCFA are all based on the same facts and are related legal theories.  "[W]hen the plaintiff's claims for relief 'involve a common core of facts or will be based on related legal theories,' such a suit cannot be viewed as a series of discrete claims."  Silva, 632 A.2d at 296 (quoting Hensley, 461 U.S. at 435).

-4-

Where the plaintiff's claims arise out of a common core of facts, and involve related legal theories, as is the case with Plaintiff's claims, the inquiry for setting the fee award is more complex.  Texas State, 489 U.S. at 789.  "In such a case, the court must focus on the 'significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'  If a plaintiff achieves excellent results in a lawsuit, counsel fees should not be reduced on the ground that the plaintiff did not prevail on each claim advanced.  'Litigants in good faith may raise alternative grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.  The result is what matters.'"  Silva, 632 A.2d at 296 (quoting Hensley, 461 U.S. at 435).

Defendant argues that Plaintiff obtained limited success.  Specifically,  Defendant argues that Plaintiff received a jury award of $100,000 on its NJCFA claim when it was seeking $3,746,900.  "Just as a district court should not focus on the number of the litigant's successful or unsuccessful claims, so should the court not focus mechanically on whether or not plaintiff's counsel reached the dollar figure set out in the prayer for relief.  Although end results are the best indicator of the value of legal services, the best indicator of end results is not whether the plaintiff reached his (perhaps too lofty) goal.  Instead, the court must measure the extent to which his successful claims 'give him all that he reasonably could have asked for.'"  Garner v. Wade, No. 97 C 4118, 1998 WL 474137, at *3 (N.D. Ill. Aug. 6, 1998)(quoting Lenard v. Argento, 808 F.2d 1242, 1245 (7th Cir. 1987)).  Plaintiff's claim of over $3 million in damages was its only claim of damages as to all four claims.  In other words, Plaintiff was not requesting $3 million as to only the NJCFA claim.  Plaintiff was requesting $3 million in damages to make itself whole and its claims were in the alternative.  The Court notes that it ruled Plaintiff could

not recover under both the NJCFA claim and the fraud claim as a plaintiff is not entitled to recover the same damages twice.  Accordingly, it is not a fair comparison to compare the $100,000 in damages awarded on the NJCFA claim to the $3,746,900 requested in damages when in fact Plaintiff was awarded $1,043,387.00 for the fraud claim by the jury in addition to the $100,000 on the NJCFA claim out of the $3 million requested.

Defendant also argues that Plaintiff was awarded $100,000 on the NJCFA claim and is now seeking $378,687.50 in attorney fees, which is approximately four times the amount of the NJCFA jury award.  The Court finds that the comparison of the $378,687.50 attorneys' fees request with the $100,000 NJCFA jury award is also not the proper comparison for purposes of this analysis.  The $378,687.50 in attorneys' fees should be compared to the jury award of $1,043,387 on the common law fraud claim because the two claims are interrelated.  As such, the requested attorneys' fees do not exceed the value of the benefits received.  However, even if the requested attorneys' fees did exceed the value of the benefits obtained, this fact would not preclude the Court from awarding such fees.  See Cullens v. Georgia Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994)("use of a multiplier [to achieve proportionality between damages and fees] as a sole or dominant criterion" is improper); Von Clark v. Butler, 916 F.2d 255, 260 (5th Cir. 1990)("the district court should avoid placing undue emphasis on the amount recovered"); see also Thomas v. National Football League Players Ass'n, 273 F.3d 1124, 1129 (D.C. Cir. 2001)(the fact that fees are nearly five times recovery does not make them excessive).

This Court cannot say that Plaintiff's relief was limited in comparison to the scope of the litigation as a whole.  The scope of the litigation in this case was subsumed by the two interrelated claims upon which the jury awarded damages.  This Court has considered both the

result obtained relative to the result sought and the result obtained relative to the fee award and finds that the fees are reasonable and no downward adjustment is necessary.  Accordingly, the Court awards attorneys' fees in the amount of $374,207.50.

**B.  Costs**

This Court awarded Plaintiff reasonable costs as mandated by the NJCFA.  Plaintiff, however, does not support its request for costs with case law showing that these costs are reasonable and reimbursable under the NJCFA.

Plaintiff, however, is also entitled to an award of reasonable costs as the prevailing party under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.  The Court has already determined that Plaintiff is the prevailing party in this action.  See Head v. Medford, 62 F.3d 351, 354-55 (11th Cir. 1995)("Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.")(quoting United States v. Mitchell, 580 F.2d 789, 793-94 (5th Cir. 1978)[2]).  Accordingly, this Court will look to 28 U.S.C. § 1920 to determine which costs Plaintiff may recover.

Section 1920 provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1)      Fees of the clerk and marshal;

(2)      Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

---

[2]The case law of the Fifth Circuit prior to September 30, 1981 has been adopted as precedent in this judicial circuit.  Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc).

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and copies of papers necessarily obtained for use in the
        case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and
        salaries, fees, expenses, and costs of special interpretation services under section
        1828 of this title.

Defendant objects to Plaintiff's attempt to recover reimbursement for photocopies, long
distance telephone charges, postage, Westlaw research, travel expenses, toll expenses, sworn
statements, airfare for attorneys, hotel expenses for attorneys, meals for attorneys, car rentals for
attorneys, parking expenses for attorneys, equipment rental, and a $55.00 parking ticket as
unallowable under 28 U.S.C. § 1920.

Because the majority of the costs requested by Plaintiff are generally not allowable under
§ 1920, Plaintiff is directed to file a bill of costs for those costs incurred that are allowable under
§ 1920.  The Court, however, will briefly address the request for photocopying costs.  Section
1920 allows recovery of costs for copies of papers necessarily obtained for use in the case, but
not for those obtained for the convenience of counsel.  Helms v. Wal-Mart Stores, Inc., 808 F.
Supp. 1568, 1570 (N.D. Ga. 1992)(citing Desisto Coll. v. Town of Howey-in-the-Hills, 718 F.
Supp. 906, 908 (M.D. Fla. 1989), aff'd, 914 F.2d 267 (11th Cir. 1990)).  The party seeking
recovery of photocopying costs must come forward with evidence showing the nature of the
documents copied, including how they were used or intended to be used in the case.  Id. (citing
Corsair Asset Mgmt., Inc. v. Moskovitz, 142 F.R.D. 347, 353 (N.D. Ga. 1992) & Desisto Coll.,

718 F. Supp. at 914).  A prevailing party may not simply make unsubstantiated claims that such documents were necessary since the prevailing party alone knows the purpose for which the copies were made.  Id. (citing Corsair, 142 F.R.D. at 353).

The invoices attached to Plaintiff's motion do not specifically identify the copy charges, but only list "Photocopies."  Plaintiff here has not adequately explained the use of the copies for which it asks the Court to award costs.  Accordingly, the Court will deny these costs.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Attorneys' Fees and Costs (Doc. No. 235) is **GRANTED** to the extent that Plaintiff is awarded attorneys' fees in the amount of $374,207.50.  Plaintiff is directed to file a bill of costs for those costs allowable under § 1920 by March 31, 2006.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of March, 2006.

SUSAN C. BUCKLEW
United States District Judge